Robert R. Jimenez (Fla. Bar No. 72020)
*Pro Hac Vice*
**BRYSON HARRIS SUCIU**
**& DEMAY PLLC**
201 Sevilla Ave., Suite 200
Coral Gables, Florida 33134
Telephone: (786) 206-7896
rjimenez@brysonpllc.com
ajaramillo@brysonpllc.com

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID WRAY, JAMAHL FARRINGTON, MATTHEW BURROW, and NIKOLAS PULLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUMBLE BUNDLE, INC.,<br><br>Defendant. | Case No. 3:25-CV-01592<br><br>**PLAINTIFFS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)** |

## PLAINTIFFS' MOTION TO CERTIFY APPEAL

Plaintiffs David Wray, Jamahl Farrington, Matthew Burrow, and Nikolas Pullen (collectively, "Plaintiffs") hereby move the Court to certify an interlocutory appeal under 28 U.S.C. § 1292(b) relating to the Court's Order granting Defendant Humble Bundle, Inc.'s ("Humble Bundle") Motion to Compel Arbitration ("Order"), ECF No. 40, and state as follows:

## STATEMENT OF ISSUES TO BE DECIDED

Whether the Court should certify its Order for interlocutory appeal and stay the instant case pending the outcome of such an appeal.

PLAINTIFFS' MOTION FOR CERTIFICATION
PURSUANT TO 28 U.S.C. § 1292(B)

1

**INTRODUCTION**

In granting Humble Bundle's Motion to Compel Arbitration, the Court determined that contracting parties need not be sophisticated for it to find that incorporation of another forum's rules constitutes "clear and unmistakable" evidence of the parties' intent to arbitrate arbitrability. ECF No. 40 at 9. Additionally, the Court concluded Plaintiffs failed to raise any arguments about how Humble Bundle's mass arbitration procedures rendered the delegation of gateway issues unconscionable. *Id.* at 15. Because of the significance of these threshold issues, Plaintiffs respectfully ask the Court to certify its decision for interlocutory appeal under 28 U.S.C. § 1292(b) and to stay this action pending such an appeal, for the following reasons:

*First*, the following are controlling questions of law and threshold issues for this case: i) whether incorporation of another forum's rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability where one or more of the parties is unsophisticated, and ii) whether a delegation clause is unconscionable when associated with a mass arbitration provision that imposes burdens that significantly delay the resolution of claims. Because both are outcome-determinative, an authoritative decision from the Court of Appeals analyzing whether parties must proceed in arbitration or may instead litigate their claims in court is necessary now to resolve which path moves the case forward. An appellate decision would also aid the parties and this Court by eliminating any risk of having to readdress these issues in the future after the investment of significant time and expense. "While Congress did not specifically define what it meant by 'controlling,' the legislative history of 1292(b) indicates that this section was to be used only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig*. (MDL No. 296), 673 F.2d 1020 (9th Cir. 1981), *cause dismissed sub nom. Arizona v. U.S. Dist. Ct. for the Dist. of Arizona*, 459 U.S. 961 (1982*), and aff'd sub nom. Arizona v. Ash Grove Cement Co.*, 459 U.S. 1190 (1983) (citing *United*

*States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (*per curiam*)). Appellate review now is both cost and time efficient.

*Second*, as discussed in the parties' briefing on Humble Bundle's motion, there is substantial ground for difference of opinion on these questions. Although the Court of Appeals has addressed the issue of incorporation by reference in the context of *sophisticated* parties, district courts— including this one—are split on its application to *unsophisticated* parties. Likewise, the district courts lack consensus on whether a delegation clause is unconscionable where a mass arbitration provision imposes burdens which significantly delay the resolution of claims. Expeditious appellate review is necessary because these difficult questions require answers for litigants here and beyond the present action.

*Third*, a stay pending appellate review will avoid a needless waste of financial and manpower resources necessarily incurred during arbitration while an interlocutory appeal simultaneously moves forward. While Plaintiffs are generally opposed to any sort of suspension in the forward progress of this litigation, they recognize that pursuing an appeal contemporaneously with an arbitration (or plethora of arbitrations) would be inefficient. As a result, the most valuable path for the parties would be to stay all proceedings in any forum while an appeal is pending.

## LEGAL STANDARD

A district court may certify an order for interlocutory appeal if: (1) the "order involves a controlling question of law;" (2) there is "substantial ground for difference of opinion;" and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *In re Cement Antirust Litig.*, 673 F.2d at 1026. Once "the statutory criteria are met," there is a "duty of the district court and of [the Court of Appeals] to allow an immediate appeal to be taken." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 677 (7th Cir. 2000).

**ARGUMENT**

This Court should certify the following controlling questions of law for immediate appeal under 28 U.S.C. § 1292(b):

(1) Whether contracting parties must be sophisticated in order for a court to find that incorporation of another forum's rules constitutes "clear and unmistakable" evidence of the parties' intent to delegate arbitrability.

(2) Whether a delegation clause is unconscionable when associated with a mass arbitration provision that significantly delays the resolution of claims.

The Court should also maintain the present stay of this matter pending resolution of an interlocutory appeal.

**A. These Issues Present Controlling Questions of Law.**

"To meet the requirement that the proposed interlocutory appeal raises a controlling question of law, the moving party must show 'that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'" *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (citing *In re Cement Antitrust Litig.*, 673 F.2d at 1026). Here, appellate answers to the questions posed by Plaintiffs will materially affect the outcome of the litigation. The Order prevents Plaintiffs from pursuing any claims in this Court, likely permanently. Given the number of claimants known to Plaintiffs' counsel—over 4,000—arbitrations would go on for decades under Humble Bundle's mass arbitration batching provision.

The realities of Humbles Bundle's arbitration schema collide violently with arbitration's intended purpose. "A prime objective of an agreement to arbitrate is to achieve 'streamlined proceedings and expeditious results.'" *Preston v. Ferrer*, 552 U.S. 346, 357-58 (2008) (quoting *Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc.*, 473 U.S. 614, 633 (1985)); *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 346 (2011) (same). While the Court stayed the instant

case for six months, in the absence of active litigation here, Humble Bundle will undoubtedly demand that the stay remain in effect until all arbitrations are resolved. Essentially, the Order denies Plaintiffs any effective means of redressing the acts alleged in the Complaint. Because of the gravity of this outcome, immediate appellate review is necessary and appropriate.

**B. There is Substantial Ground for Differences of Opinion on These Issues.**

To determine if a "substantial ground for difference of opinion" exists under § 1292(b), "courts must examine to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). As summarized by the Ninth Circuit,

> A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed. Stated another way, when novel legal issues are presented, on which fair-minded jurists might reach contradictory conclusions, a novel issue may be certified for interlocutory appeal without first awaiting development of contradictory precedent.

*Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Further, "[c]ourts traditionally will find that a substantial ground for difference of opinion exists where '…novel and difficult questions of first impression are presented.'" *Id.* (citing 3 Fed. Proc., Lawyers Ed. § 3:212 (2010)).

### 1. *Delegation: Incorporation by Reference*

In its Order, this Court cited the Ninth Circuit's language in *Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015), that its holding there "should not be interpreted to require that contracting parties be sophisticated … before a court may conclude that incorporation of [another forum's] rules constitutes 'clear and unmistakable' evidence of the parties' intent" to arbitrate, and thus, that the rule could apply to unsophisticated parties. Order at pg. 9. The Court declined to find a requirement that both parties be sophisticated, allowing incorporation where one side is unsophisticated. *Id.* The Court's decision, however, advances well past the Ninth Circuit's jurisprudence on this issue. A number of other district court opinions reached the opposite conclusion. As another jurist in this District recently stated, the Ninth Circuit in *Brennan* left "open

the question whether incorporation of the [arbitration forum's] rules is clear and unmistakable delegation to an unsophisticated party." *Schlueter-Beckner v. SimpliSafe, Inc.*, No. 3:25-CV-01764 (CRB), 2025 WL 2162948, at *7 (N.D. Cal. July 30, 2025). Without doubt, "[t]here is currently a split within this district on that question." *Id.* (citing cases). This reality is evidenced by the magnitude of divergent opinions just within this District, including those cited in the parties' respective briefing and in the Order here. This split of authority demonstrates that reasonable minds may differ and that substantial grounds for differences of opinion exist.

Indeed, the arbitration agreement at issue in *Schlueter-Beckner* is completely analogous to the one at issue in this case, yet there, the ruling was that "veiled incorporation of arbitration rules <u>within</u> an already veiled lengthy Terms of Service agreement—does not meet the required clear and unmistakable evidentiary standard as to unsophisticated parties." 2025 WL 2162948, at *8 (emphasis in original). That result is the polar opposite conclusion reached by the Court in this case. Immediate appellate review is necessary to resolve the continuing conflict.[1]

    2.  *Delegation: Unconscionability and Mass Arbitration*

On the topic of unconscionability of the delegation clause itself, a substantial ground for difference of opinion exists because courts are divided on whether mass arbitration provisions can render delegation clauses unconscionable. Some courts hold delegation clauses may be invalidated when an arbitration agreement imposes prohibitive costs or procedural obstacles, while others enforce delegation clauses even in the presence of potentially oppressive arbitration provisions (declining to extend the Ninth Circuit's ruling). *Compare Heckman v. Live Nation Entm't, Inc.*, 120 F.4th 670, 684-85 (9th Cir. 2024) (finding substantive unconscionability in the delegation clause

---

[1] Granting immediate appellate review in this case is appropriate even if there is an appeal on identical or similar issues in *Schlueter-Beckner* because opposite results were reached in each case. An appeal in this case could be consolidated with *Schlueter-Beckner* to provide the Court of Appeals with a comprehensive set of facts to review.

based on the burdens imposed by mass arbitration provision) *with Kohler v. Whaleco, Inc.*, 757 F. Supp. 3d 1112, 1127 (S.D. Cal. 2024) (issued a month after *Heckman* and holding that a mass arbitration provision did not render a delegation clause unconscionable).

Here, Plaintiffs discussed the mass arbitration and batching provisions in two places in its Response in Opposition to Humble Bundle's motion to compel: in the Introduction at Sec. I(B)(1), and in the Argument at Section II(B)(3) as part of an unconscionability analysis, outlining the absurd reality that the batching provision would keep known claims in arbitration for decades. Plaintiffs expressly argued Humble Bundle's mass arbitration provision made delegation unconscionable because it imposed extraordinary burdens and delays that effectively prevent claims from being reasonably resolved. This Court, however, mistakenly determined this issue was not raised by Plaintiffs. Order at 15 (stating "Plaintiffs do not make any arguments that this provision renders the *delegation* provision unconscionable.").

As Plaintiffs cited, and as the court correctly observed, delegation may be challenged by citation to the unconscionable segments of an arbitration agreement. *Heckman*, 120 F.4th at 680-81. Plaintiffs argued delegation was substantively unconscionable because of issues relating to the arbitral forum and its rules, *as well as* the same faults that render the greater arbitration provision substantively and procedurally unconscionable. Plaintiff stated this explicitly, making an equivalency argument that "[t]he provisions **of the arbitration agreement** and NAM rules that would render the supposed delegation clause unconscionable similarly render the underlying arbitration agreement unconscionable, both procedurally and substantively." ECF No. 36 at 18 (emphasis added). Plaintiffs later restate this equivalency argument in the inverse: "[t]here is no delegation clause, and even if there was, it would qualify as both procedurally and substantively unconscionable, **as the rest of the arbitration agreement does**." *Id.* at 19 (emphasis added). The Court recognized this, stating "Plaintiffs argue that the delegation provision is unconscionable by

arguing that the arbitration agreement itself is unconscionable." Order at 11. The Court even stated that it would "consider other features of the arbitration agreement in determining whether the delegation provision is procedurally or substantively unconscionable." *Id.* at 11. Plaintiffs are thus understandably confused as to why the Court subsequently concluded they failed to make an argument that the mass arbitration provision renders delegation unconscionable, and why the Court would consider some provisions of the arbitration agreement on the question of delegation but not the mass arbitration provision.[2]

Given that Plaintiffs did raise the mass arbitration provision in the context of the unconscionability of delegation, the divergence in authority discussed above establishes a substantial ground for difference of opinion in existing case law, justifying interlocutory review under 28 U.S.C. § 1292(b). The Court of Appeals needs an opportunity to weigh in on the applicability of *Heckman* to the arbitration agreement at issue in this case. To ensure there is no lingering doubt, Plaintiffs seek certification of an interlocutory appeal on the issue of whether the delegation provision is substantively *and* procedurally unconscionable on the grounds that differences of opinion could and do exist as a matter of both law and fact.

**C. Resolution of these Issues on Appeal Will Materially Advance the Termination of the Litigation.**

"[N]either § 1292(b)'s literal text nor controlling precedent requires that the interlocutory appeal have a final, dispositive effect on the litigation, only that it 'may materially advance' the litigation." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d at 688 (9th Cir. 2011) (quoting 28 U.S.C. § 1292(b)); *see also, Southwell v. Mortg. Inv'rs Corp. of Ohio, Inc.*, 2014 WL 12102273, at *2 (W.D.

---

[2] While it is true that under the subheadings in their Response in Opposition (specifically, those at ECF No. 36 on pgs. 14-18), Plaintiffs highlighted what *else* makes delegation unconscionable, the argument was that to determine the unconscionability of delegation, a Court should look at the broader arbitration agreement, which Plaintiffs overtly claimed includes the mass arbitration provision.

PLAINTIFFS' MOTION FOR CERTIFICATION
PURSUANT TO 28 U.S.C. § 1292(B)

Wash. Mar. 14, 2014) ("An interlocutory appeal need not have a dispositive effect to materially advance litigation."). Interlocutory appellate review materially advances the ultimate termination of the litigation, directly fulfilling the purpose of § 1292(b), providing an expeditious disposition of the action by obtaining an authoritative decision on a controlling legal issue sooner rather than later, thus saving the courts and the litigants unnecessary trouble and expense. *United States v. Adam Bros. Farming, Inc.*, 369 F. Supp. 2d 1180, 1182 (C.D. Cal. 2004)).

Here, immediate appellate review of the Order will materially advance the termination of the litigation because, if the Ninth Circuit determines there is no delegation of arbitrability and the arbitration agreement is unconscionable, the expense and time-consuming process of completing thousands of arbitrations may be avoided. The alternative is that the parties will instead necessarily proceed with arbitrations which will run on potentially for decades. An immediate interlocutory appeal will unquestionably save courts and litigants time, avoid unnecessary trouble and expense, and thus, materially advance the disposition of litigation.

**D. The Court Should Grant a Stay Pending Appellate Review.**

Under § 1292(b), application for an appeal does "not stay proceedings in the district court unless the district court or the Court of Appeals" orders a stay. 28 U.S.C. § 1292(b). This Court, however, possesses broad discretionary power to control proceedings to ensure sensible, cost-effective litigation. *See Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). This Court has already stayed the litigation in the Order.[3] If the Court certifies the above-referenced issues for immediate interlocutory appeal under 28 U.S.C. § 1292(b), it makes sense for it to exercise its discretion to stay the case pending appellate review to avoid precisely the sort of "unnecessary

---

[3] As this case is currently stayed, insofar as ruling on the instant motion first requires a request/motion for the Court to lift the current stay in order to grant the relief requested, Plaintiffs hereby request same.

PLAINTIFFS' MOTION FOR CERTIFICATION
PURSUANT TO 28 U.S.C. § 1292(B)

trouble and expense" from further proceedings § 1292(b) was designed to avoid. *Adam Bros. Farming Inc.*, 369 F. Supp. 2d at 1182.

## CONCLUSION

For all of the reasons stated above, Plaintiffs respectfully ask the Court certify the above requested issues for immediate interlocutory appeal under 28 U.S.C. § 1292(b) and stay this matter pending resolution of the appellate process.

Dated: September 22, 2025

Respectfully submitted,
*/s/ Robert R. Jimenez*
Mark E. Silvey (TN. Bar No. 013415)*
Robert R. Jimenez (Fla. Bar No. 35328)*
Jordan M. Macejka (Fla Bar No. 123599)*
**BRYSON HARRIS SUCIU
& DEMAY PLLC**
201 Sevilla Avenue, Suite 200
Miami, Florida 33134
P: (786) 206-7896
msilvey@brysonpllc.com;
rjimenez@brysonpllc.com;
jmacejka@brysonpllc.com

Alex R. Straus (Bar No. 321366)
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
280 South Beverly Drive, Suite PH
Beverly Hills, CA 90212
Email: astraus@milberg.com

*Admitted Pro Hac Vice*

*Counsel for Plaintiffs*
