**PERKINS COIE LLP**
James G. Snell (Bar No. 173070)
JSnell@perkinscoie.com
3150 Porter Drive
Palo Alto, California 94304-1212
Telephone: +1.650.838.4300
Facsimile: +1.650.838.4350

Lauren J. Tsuji (Bar No. 300155)
LTsuji@perkinscoie.com
Anna Thompson-Lanners (*Pro Hac Vice*)
AThompsonLanners@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile: +1.206.359.9000

*Attorneys for Defendant Humble Bundle, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DAVID WRAY, JAMAHL FARRINGTON, MATTHEW BURROW, and NIKOLAS PULLEN, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

HUMBLE BUNDLE, INC.,

Defendant.

Case No. 3:25-cv-01592

**DEFENDANT HUMBLE BUNDLE, INC.'S OPPOSITION TO MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(B)**

Judge: Hon. Trina L. Thompson

## TABLE OF CONTENTS

Page

I. INTRODUCTION ..... 1

II. BACKGROUND ..... 2

III. LEGAL STANDARD ..... 3

IV. ARGUMENT ..... 4

A. Plaintiffs Failed to Preserve Either of the Questions on Which They Now Seek Review ..... 4

B. Plaintiffs Fail to Identify a Controlling Question of Law ..... 5

C. Plaintiffs Fail to Establish a Substantial Ground for Differences of Opinion ..... 10

D. Plaintiffs Fail to Establish that an Interlocutory Appeal Will Materially Advance the Ultimate Termination of the Litigation ..... 13

V. CONCLUSION ..... 16

**CASES**


*Adler v. Dell, Inc.*,
2009 WL 646885 (E.D. Mich. Mar. 10, 2009) ....................10

*Barone v. L.A. Cnty. Sheriff's Dept.*,
2023 WL 8042740 (C.D. Cal. Oct. 27, 2023) ....................9

*Brennan v. Opus Bank*,
796 F.3d 1125 (9th Cir. 2015)....................8

*Brooks v. WarnerMedia Direct, LLC*,
2024 WL 3330305 (S.D.N.Y. July 8, 2024) ....................7, 17

*Bushley v. Credit Suisse First Bos.*,
360 F.3d 1149 (9th Cir. 2004)....................15

*Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*,
368 F.3d 86 (2d Cir. 2004)....................7

*Cilluffo v. Cent. Refrigerated Servs., Inc.*,
2013 WL 3508069 (C.D. Cal. Jan. 30, 2013) ....................8

*CornerStone Staffing Sols., Inc. v. James*,
2014 WL 1364993 (N.D. Cal. Apr. 7, 2014) ....................10

*Cortez v. MTD Prods., Inc.*,
927 F. Supp. 386 (N.D. Cal. 1996) ....................4, 11

*Couch v. Telescope Inc.*,
611 F.3d 629 (9th Cir. 2010)....................3, 11, 12, 13

*Cuadras v. MetroPCS Wireless, Inc.*,
2011 WL 11084069 (C.D. Cal. Oct. 11, 2011)....................10

*Diaz v. Intuit, Inc.*,
2018 WL 934875 (N.D. Cal. Feb. 16, 2018)....................16

*Fenters v. Yosemite Chevron*,
761 F. Supp. 2d 957 (E.D. Cal. 2010)....................14

*Flores v. Nat'l Football League*,
2024 WL 50238 (S.D.N.Y. Jan. 4, 2024)....................10

*Hardt v. Direct Inv LLC*,
2013 WL 494088 (S.D. Cal. Feb. 7, 2013) ....................15

*Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,
921 F. Supp. 2d 1059 (D. Haw. 2013) ....................6

*Heckman v. Live Nation Ent., Inc.*,
120 F.4th 670 (9th Cir. 2024)....................13

*Higginbottom v. Dexcom, Inc.*,
2024 WL 4547017 (S.D. Cal. Oct. 22, 2024) ....................12

*Hodson v. DirecTV, LLC*,
2013 WL 12174302 (N.D. Cal. Mar. 22, 2013)....................15

*Hoffman v. Citibank (S. Dakota), N.A.*,
546 F.3d 1078 (9th Cir. 2008)....................10

*ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*,
22 F.4th 1125 (9th Cir. 2022)....................5, 14

*In re Cement Antitrust Litig. (MDL No. 296)*,
673 F.2d 1020 (9th Cir. 1981).................... passim

*James* v. *Price Stern Sloan*,
283 F.3d 1064 (9th Cir. 2002)....................3

*Kohler v. Whaleco, Inc.*,
757 F. Supp. 3d 1112 (S.D. Cal. 2024) ....................13

*Lucas v. Hertz Corp.*,
2012 WL 5199384 (N.D. Cal. Oct. 22, 2012)....................6, 15

*Luchini v. Carmax, Inc.*,
2012 WL 3862150 (E.D. Cal. Sept. 5, 2012)....................14, 15

*Mamani v. Berzain*,
825 F.3d 1304 (11th Cir. 2016)....................6

*Mitchell v. First Call Bail & Sur., Inc.*,
425 F. Supp. 3d 1256 (D. Mont. 2019) ....................10

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
460 U.S. 1 (1983) ....................1

*MSP Recovery Claims, Series LLC v. Amgen Inc.*,
2025 WL 1924057 (C.D. Cal. June 24, 2025) ....................12

*Murgia v. Reed*,
338 F. App'x 614 (9th Cir. 2009) ....................5

*Patrick v. Running Warehouse, LLC*,
93 F.4th 468, 481 (9th Cir. 2024) .................... passim

*Reese v. BP Expl. (Alaska) Inc.*,
643 F.3d 681 (9th Cir. 2011)....................11

*Rieve v. Coventry Health Care, Inc.*,
870 F. Supp. 2d 856 (C.D. Cal. 2012)....................15

*Ruiz v. CarMax Auto Superstores*,
2024 WL 1136332 (C.D. Cal. Jan. 18, 2024) ....................7, 17

*Schlueter-Beckner v. SimpliSafe, Inc.*,
2025 WL 2162948 (N.D. Cal. July 30, 2025)....................12

*Smith v. Nerium Int'l, LLC*,
2019 WL 7205889 (C.D. Cal. Dec. 9, 2019) ....................5

*Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*,
86 F.3d 656 (7th Cir. 1996)....................7, 9

*Sovak* v. *Chugai Pharm. Co.*,
289 F.3d 615 (9th Cir. 2002)....................4, 9

*Suffolk Cnty. Water Auth. v. Dow Chem. Co.*,
2025 WL 2611702 (E.D.N.Y. Sept. 10, 2025)....................6

*Theodore v. Am. Express Nat'l Bank*,
2025 WL 1294648 (N.D. Cal. May 5, 2025) ....................1, 3

*United States ex rel. Michaels v. Agape Senior Cmty., Inc.*,
848 F.3d 330 (4th Cir. 2017)....................6

*United States v. Nelson*,
2025 WL 1165863 (C.D. Cal. Mar. 25, 2025) ....................13

*United States v. Philip Morris USA Inc.*,
2003 WL 26051239 (D.D.C. Sept. 2, 2003) ....................5, 9

*United States v. Woodbury*,
263 F.2d 784 (9th Cir. 1959)....................14, 15

*Wulfe v. Valero Refining Co.*,
2013 WL 12216363 (C.D. Cal. Jan. 11, 2013) ....................15

**STATUTES**

28 U.S.C. § 1292(b) .................... passim

Federal Arbitration Act ....................1, 6, 15

# I. INTRODUCTION

This Court should deny Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b). ECF No. 42 ("Motion"). On September 8, 2025, this Court entered an order granting Humble Bundle, Inc.'s ("Humble Bundle") Motion to Compel Arbitration. ECF No. 40 ("Order"). Plaintiffs now ask the Court to allow them to further prolong the litigation and continue evading arbitration. But interlocutory review under § 1292(b) is "to be used only in *exceptional situations* in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981) (emphasis added). Plaintiffs have not come close to demonstrating that this is an exceptional situation. What's more, certifying Plaintiffs' proposed appeal would prolong the proceedings, contrary to the purposes of both § 1292(b) and the Federal Arbitration Act, the goal of which is "mov[ing] the parties to an arbitrable dispute out of court and into arbitration as quickly and easily as possible." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 22 (1983); *see also, e.g.*, *Theodore v. Am. Express Nat'l Bank*, No. 23-cv-03710-AMO, 2025 WL 1294648, at *3 (N.D. Cal. May 5, 2025) ("Section 1292(b) is not meant to paper over Congress's purpose in shuttling the parties smoothly to arbitration.").

Plaintiffs' Motion seeks certification of the following questions: (1) whether parties must be sophisticated for a court to find that incorporation of an arbitral forum's rules evidences intent to delegate the question of arbitrability, and (2) whether a delegation clause is unconscionable when associated with a mass arbitration provision that could "delay[] the resolution of claims." Mot. at 4. This Court should deny Plaintiffs' request, because their generalized arguments fail to meet any of the criteria needed to justify interlocutory review. *First*, neither of the proposed questions presents a controlling question of law, and both are so intertwined with factual disputes that interlocutory review would increase costs and delay resolution of this case. *Second*, Plaintiffs do

not establish a substantial ground for differences of opinion for either question, as neither raises a novel legal issue of first impression and neither is the subject of an existing circuit split. *Third*, Plaintiffs fail to establish that an interlocutory appeal will materially advance the ultimate termination of the litigation. This appeal will not save the courts and the litigants unnecessary trouble and expense, but would instead expand the litigation and multiply the proceedings.

In short, Plaintiffs have not carried their heavy burden to justify certifying this Court's order for interlocutory review. Should they wish to pursue their claims, Plaintiffs must do so in arbitration.

## II. BACKGROUND

Plaintiffs concede that when they signed up for their accounts and purchased video games from Humble Bundle, they each agreed to Humble Bundle's Terms & Conditions ("Terms"). *Id.* ¶ 44. The Terms require arbitration of most disputes with Humble Bundle and incorporate the rules of National Arbitration and Mediation ("NAM"). *See id.* ¶¶ 80, 85. Among other things, the NAM Rules delegate threshold issues to an arbitrator and contain special procedures for mass arbitrations. ECF No. 40 at 4–5.

Ignoring these provisions, Plaintiffs filed a putative class action alleging that Humble Bundle violated the Video Privacy Protection Act, 18 U.S.C. § 2710, *et seq.* In September 2025, this Court granted Humble Bundle's Motion to Compel Arbitration. *See* ECF No. 40. In relevant part, the Court "decline[d] to find a requirement that both parties be sophisticated" for an incorporation provision to clearly and unmistakably incorporate another forum's rules into an arbitration agreement. *Id.* at 9. The Court also reasoned that, by incorporating the delegation provision, the parties here had "clearly and unmistakably delegate[d] gateway issues to the arbitrator" such as whether the arbitrator had jurisdiction to decide the dispute and the validity of the arbitration agreement. *Id.* at 10. It then rejected Plaintiffs' argument that this delegation

provision was unconscionable. In doing so, the Court noted that "Plaintiffs have not made any arguments about how the mass filing procedures render the delegation of gateway issues unconscionable[.]" *Id.* at 15. Because the parties "validly delegated gateway questions to the arbitrator, the Court [did] not address" the parties' remaining arguments about "the arbitration agreement's scope or enforceability." *Id.* at 16.

Plaintiffs now seek an interlocutory appeal of the Court's Order compelling arbitration under 28 U.S.C. § 1292(b). They ask this Court to certify two questions: (1) "Whether contracting parties must be sophisticated in order for a court to find that incorporation of another forum's rules constitutes 'clear and unmistakable' evidence of the parties' intent to delegate arbitrability," and (2) "[w]hether a delegation clause is unconscionable when associated with a mass arbitration provision that significantly delays the resolution of claims." Mot. at 4.

## III. LEGAL STANDARD

District courts may certify an interlocutory appeal pursuant to 28 U.S.C. § 1292(b) if the order at issue: (1) "involves a controlling question of law," (2) on which there is "substantial ground for difference of opinion," and (3) from which an immediate appeal "may materially advance the ultimate termination of the litigation." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "[A]ll three § 1292(b) requirements [must be] met," so a failure to meet any one prong precludes certification. *Id.*; *see also Theodore*, 2025 WL 1294648, at *2 ("These three statutory requirements are conjunctive, meaning absence of any one precludes interlocutory appeal.").

Because "[s]ection 1292(b) is a departure from the normal rule that only final judgments are appealable," it "must be construed narrowly." *James* v. *Price Stern Sloan*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). This aligns with "the congressional directive that section 1292(b) is to be applied sparingly and only in exceptional cases." *In re Cement Antitrust Litig.*, 673 F.2d at 1027. "The party seeking certification of an interlocutory appeal has the burden to show the presence of

those exceptional circumstances." *Cortez v. MTD Prods., Inc.*, 927 F. Supp. 386, 394 (N.D. Cal. 1996).

## IV. ARGUMENT

Plaintiffs cannot show that this Court's Order granting Humble Bundle's Motion to Compel Arbitration presents the kind of "exceptional circumstances" that warrant interlocutory review. In fact, in addition to their glaring failure to preserve either of their proposed questions for appellate review, Plaintiffs do not satisfy their burden for *any* of the three factors required for certification.

### A. Plaintiffs Failed to Preserve Either of the Questions on Which They Now Seek Review

As a threshold matter, even if this Court were to grant Plaintiffs' request for certification, the clear deficiencies in Plaintiffs' Opposition to Humble Bundle's Motion to Compel Arbitration (ECF No. 36) ("Opposition") would prevent the Ninth Circuit from reaching either of their proposed questions. The Ninth Circuit has a general rule against considering issues that the appellant "failed to raise . . . in opposing [the] motion to compel arbitration." *Sovak* v. *Chugai Pharm. Co.*, 289 F.3d 615, 615 (9th Cir. 2002). As to their first proposed question, Plaintiffs did not present the necessary evidentiary foundation. Plaintiffs' Opposition obliquely asserted that they are unsophisticated, but they did not present *any* evidence to support this factual assertion. *See* ECF No. 36 at 8–10; *see also* ECF No. 36-1. And the Ninth Circuit has held that it "need not decide" whether contracting parties must be sophisticated for incorporation of an arbitral forum's rules to support a finding of intent to delegate arbitrability where, as here, "[p]laintiffs offered no evidence concerning their sophistication or lack thereof to the district court." *Patrick v. Running Warehouse, LLC*, 93 F.4th 468, 481 (9th Cir. 2024). As to the second proposed question, this Court resolved that issue against Plaintiffs because they "d[id] not make any arguments that th[e] provision renders the *delegation* provision unconscionable." ECF No. 40 at 15. Plaintiffs' failure to adequately

present to this Court either of their proposed questions provides sufficient grounds to deny their request for interlocutory review at the outset.[1] *See, e.g.*, *United States v. Philip Morris USA Inc.*, No. CIV.A. 99-2496-GK, 2003 WL 26051239, at *3 (D.D.C. Sept. 2, 2003) ("Section 1292(b) is not intended to be a vehicle by which parties can revive waived arguments."); *see also Murgia v. Reed*, 338 F. App'x 614, 615 n.1 (9th Cir. 2009) (declining to consider interlocutory appeal of argument that was not raised below).

**B. Plaintiffs Fail to Identify a Controlling Question of Law**

Plaintiffs fail to identify an issue that is both "controlling" and a "question of law." Courts consider an issue "controlling" when "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." *In re Cement Antitrust Litig.*, 673 F.2d at 1026. The controlling question "must be one of law—not fact[.]" *ICTSI Or., Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022); *see also Smith v. Nerium Int'l, LLC*, No. SACV 18-1088 JVS (PLAx), 2019 WL 7205889, at *2 (C.D. Cal. Dec. 9, 2019) ("In the context of section 1292(b), a 'question of law' means a 'pure question of law,' not a mixed question of law and fact or an application of law to a particular set of facts." (citation omitted)).[2] Controlling questions of law are generally "determination[s] of who are necessary and proper parties, whether a court to which a cause has been transferred has jurisdiction, or whether state or federal law should be applied." *See Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013) (citing *In re Cement Antitrust Litig.*, 673 F.2d at 1026–27).

---

[1] The fact that neither of Plaintiffs' proposed questions would be reached by the Ninth Circuit also means certification of these questions would not materially advance the litigation. *See infra*, Section IV.D.

[2] Other circuits have similarly emphasized that interlocutory review should be reserved for "order[s] presenting 'a pure question of law,' i.e., 'an abstract legal issue that the court of appeals can decide quickly and cleanly.'" *United States ex rel. Michaels v. Agape Senior Cmty., Inc.*, 848 F.3d 330, 340 (4th Cir. 2017) (quoting *Mamani v. Berzain*, 825 F.3d 1304, 1312 (11th Cir. 2016)).

Plaintiffs do not even attempt to explain how either of their proposed issues presents a controlling question of law, despite having the burden to do so. *See* Mot. 4–5. Instead, they focus on the fact that, without interlocutory review, they will not be able to immediately pursue their claims in federal court. *Id.* at 4. But that is true in every case where a district court grants a motion compelling arbitration. Accordingly, Plaintiffs have not met their "heavy burden" to establish a controlling question of law. *Louie*, 921 F. Supp. 2d at 1065 (citation omitted). In fact, accepting Plaintiffs argument "would frustrate the decidedly pro-arbitration tilt of the Federal Arbitration Act, with its concomitant policy of avoiding unnecessary delays in prosecuting arbitrations in part through the discouragement of immediate appellate review of orders compelling arbitration." *Lucas v. Hertz Corp.*, No. C 11-01581 LB, 2012 WL 5199384, at *5 (N.D. Cal. Oct. 22, 2012) (cleaned up).

Regardless, both of Plaintiffs' proposed questions are not controlling questions of law.

***Incorporation of the NAM Rules:*** Plaintiffs' proposed question regarding the incorporation of the NAM Rules fails to meet the first § 1292(b) criterion for multiple reasons.

First, this question is not "controlling" as to the outcome of the Motion to Compel Arbitration. A proposed "question of law may not be 'controlling' when there is an alternative ground for the ruling that was not reached by the district court's decision." *Suffolk Cnty. Water Auth. v. Dow Chem. Co.*, No. 17-CV-6980 (NG) (JRC), 2025 WL 2611702, at *2 (E.D.N.Y. Sept. 10, 2025) (citing *Cal. Pub. Emps. Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 95–96 (2d Cir. 2004)). That is because a reversal on appeal "might have no effect on the further course of the litigation" when the district court's order was "merely a ruling" on one of multiple "alternative ground[s]" presented by the moving party. *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 658 (7th Cir. 1996). Here, Humble Bundle argued that "even if" the delegation clause were somehow unenforceable, arbitration should still be compelled because "the underlying

arbitration agreement is not unconscionable." ECF No. 37 at 12. Plaintiffs never directly disputed this alternative argument. *Compare* Mot. at 4–5, *with* ECF No. 37 at 12–13, *and* ECF No. 40 at 10–16. Nor do Plaintiffs attempt to dispute the reasoning in the multiple decisions cited by Humble Bundle in its prior briefing concluding that similar mass arbitration provisions are not unconscionable. *See, e.g.*, ECF No. 32 at 13–14 (citing *Ruiz v. CarMax Auto Superstores*, No. EDCV 23-1986 JGB (KKx), 2024 WL 1136332, at *6 (C.D. Cal. Jan. 18, 2024)); ECF No. 37 at 13 (citing *Brooks v. WarnerMedia Direct, LLC*, No. 23 CIV. 11030 (KPF), 2024 WL 3330305, at *18 (S.D.N.Y. July 8, 2024)). Because there are multiple alternative ways this Court could have reached the same result, Plaintiffs' proposed question is not "controlling."

Second, the question is not "controlling" because the Ninth Circuit would not reach the issue if it were certified for interlocutory appeal. That is because Plaintiffs did not present *any* evidence establishing that they are "unsophisticated." Instead, their Opposition to Humble Bundle's Motion to Compel Arbitration merely asserted, without any substantiation whatsoever, that they were "lay consumers." ECF No. 36 at 8–10; *see also* ECF No. 36-1. So, even if this Court were to certify an interlocutory appeal, and even if the Ninth Circuit were to accept jurisdiction, the Ninth Circuit would decline to decide the proposed issue because there was no evidence on that issue before this Court. Indeed, the Ninth Circuit refused to reach this very issue last year in another case where "[p]laintiffs offered no evidence concerning their sophistication or lack thereof to the district court." *Patrick*, 93 F.4th at 481.[3] Accordingly, given the record that would be presented on appeal, the Ninth Circuit would not rule on the question. The proposed question therefore is not controlling.

---

[3] In *Patrick*, as here, the plaintiffs' brief opposing the motion to compel arbitration argued, without evidence, that they were unsophisticated for purposes of *Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015). *See* Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Motion to Compel Arbitration at 21–24, *Patrick v. Running Warehouse, LLC*, No. 2:21-cv-09978-ODW-JEM, 2022 WL 22805888 (C.D. Cal. May 23, 2022). *Patrick* is directly on point here.

Third, the proposed question is not a "pure question of law" appropriate for § 1292(b) certification but is instead a mixed question of law and fact. Resolving this question would necessarily require case-specific factual considerations to (1) define the degree of sophistication that must be shown to conclude that incorporation of the NAM Rules evidences the parties' intent to delegate arbitrability and then (2) assess whether that degree of sophistication was shown here. Indeed, in declining to reach this question in *Patrick*, the Ninth Circuit recognized that there is a factual component to this inquiry. *See Patrick*, 93 F.4th at 481 (declining to rule on the question of whether contracting parties must be sophisticated where, as here, "[p]laintiffs offered no evidence concerning their sophistication or lack thereof to the district court"). So, even if Plaintiffs had presented evidence of their sophistication or lack thereof to this Court—and they did not, as discussed above in Section IV—their proposed question is decidedly a mixed question of law and fact. *See Cilluffo v. Cent. Refrigerated Servs., Inc.*, No. EDCV 12-00886 VAP, 2013 WL 3508069, at *3 (C.D. Cal. Jan. 30, 2013) (denying motion for certification and finding that proposed question was "a mixed question of law and fact" where the "Ninth Circuit would be required to analyze the arbitration agreements between the parties, and determine the intent of the parties"); *see also Barone v. L.A. Cnty. Sheriff's Dept.*, No. 2:21-cv-4200-SSS-PD, 2023 WL 8042740 at *2 (C.D. Cal. Oct. 27, 2023) ("The term 'question of law' does not mean the application of settled law to fact. . . . The antithesis of a proper § 1292(b) appeal is one that turns on whether there is a genuine issue of fact, or whether the district court properly applied settled law to the facts.") (cleaned up)).

***Unconscionability of the Mass Arbitration Provisions:*** Plaintiffs' proposed question regarding the supposed unconscionability of the mass arbitration provisions in Humble Bundle's Terms similarly fails to meet the first § 1292(b) criterion for certification.

First, Plaintiffs' proposed issue does not present a "controlling" legal question because there is a procedural obstacle to review, which is that in opposing the Motion to Compel Arbitration,

Plaintiffs "failed to raise any arguments about how Humble Bundle's mass arbitration procedures rendered the delegation of gateway issues unconscionable." Mot. at 2 (quoting ECF No. 40 at 15). For this reason, it is likely that the Ninth Circuit will refuse to reach the argument at all, because appellate courts do not consider arguments that the appellant "failed to raise . . . in opposing [the] motion to compel arbitration." *Sovak*, 289 F.3d at 615; *see also, e.g.*, *Philip Morris USA*, 2003 WL 26051239, at *3 ("Section 1292(b) is not intended to be a vehicle by which parties can revive waived arguments."). And that "alternative ground" for affirmance precludes the question from being "controlling." *Sokaogon Gaming Enter. Corp.*, 86 F.3d at 658.

In their instant Motion, Plaintiffs incorrectly argue that they previously raised the issue of "whether the delegation provision is" unconscionable. Mot. at 8. They did not. As this Court already observed, "Plaintiffs d[id] not make any arguments that this provision renders the *delegation* provision unconscionable." ECF No. 40 at 15. Instead, Plaintiffs took aim at other, unrelated portions of the Terms and NAM Rules without explaining how these provisions relate to the supposed unconscionability of the delegation clause. ECF No. 36 at 14–15. Plaintiffs' failure to make any unconscionability argument specific to the delegation clause is dispositive on the certification question. *See CornerStone Staffing Sols., Inc. v. James*, No. C 12-1527 RS, 2014 WL 1364993, at *1 (N.D. Cal. Apr. 7, 2014) (refusing to certify "issues [that] were simply not addressed . . . in the prior order").

Second, Plaintiffs do not identify any authority treating unconscionability as the type of pure question of law that is appropriate for interlocutory review under § 1292(b). Mot. at 4–5. Nor could they. District courts in the Ninth Circuit have held that whether a given contractual provision is unconscionable is a "dispute . . . with how the law is applied *to these facts*, and thus is not a pure, controlling question of law." *Cuadras v. MetroPCS Wireless, Inc.*, No. CV 09-7897 CAS (AJWx), 2011 WL 11084069, at *4 (C.D. Cal. Oct. 11, 2011) (denying motion for interlocutory appeal of

motion to compel arbitration); *see also Mitchell v. First Call Bail & Sur., Inc.*, 425 F. Supp. 3d 1256, 1261 (D. Mont. 2019) ("[T]he doctrine of unconscionability is a fact-intensive inquiry.") Courts in other circuits have similarly refused to certify interlocutory appeals of unconscionability issues because these issues require a "mixed factual and legal analysis [that] is not suitable for interlocutory appeal." *Flores v. Nat'l Football League*, No. 22-CV-0871 (VEC), 2024 WL 50238, at *3 (S.D.N.Y. Jan. 4, 2024) (citing, *inter alia*, *Adler v. Dell, Inc.*, No. 08-CV-13170, 2009 WL 646885, at *2 (E.D. Mich. Mar. 10, 2009)).

Assessing unconscionability here would be especially case-specific in that it would involve determining whether the "specific [agreement] is unconscionable" by assessing the particular "substantive and procedural elements" involved "on a sliding scale." *Hoffman v. Citibank (S. Dakota), N.A.*, 546 F.3d 1078, 1083–84 (9th Cir. 2008). That assessment would turn on "how the law is applied *to these facts*," which means it "is not a pure, controlling question of law." *Cuadras*, 2011 WL 11084069, at *4.

### C. Plaintiffs Fail to Establish a Substantial Ground for Differences of Opinion

Plaintiffs do not meet the second requirement for § 1292(b) certification because they fail to identify any "substantial ground for difference of opinion" on their proposed questions. 28 U.S.C. § 1292(b). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). Courts typically will find that a substantial ground for difference of opinion exists where: (1) "the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point," (2) "complicated questions . . . under foreign law" are involved, or (3) "novel and difficult questions of first impression are presented." *Couch*, 611 F.3d at 633 (cleaned up). There are no "foreign law" questions here, so only the first and third grounds are potential bases for certification. Plaintiffs have not established that either applies.

***Incorporation of the NAM Rules:*** Plaintiffs do not identify any substantial ground for difference of opinion as to whether the arbitration agreement expressly incorporates the NAM Rules, and whether this incorporation is sufficient to delegate threshold issues of arbitrability here. Again, because certification should "occur 'only in exceptional situations,'" the bar for difference of opinion is very high. *Cortez*, 927 F. Supp. at 393 (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026). Plaintiffs fall well short.

First, Plaintiffs identify merely an intra-district split—not a circuit split—on this question. *See* Mot. at 5–6. The "majority view"—which this Court's Order correctly adopted—is that "incorporation of [another forum's] rules constitutes clear and unmistakable evidence that the parties intended to delegate arbitrability, regardless of whether the parties are 'sophisticated.'" *Patrick v. Running Warehouse, LLC*, No. 2:21-cv-09978-ODW (JEMx), 2022 WL 10584136, at *4 (C.D. Cal. Oct. 18, 2022), *aff'd*, 93 F.4th 468 (9th Cir. 2024). Plaintiffs point to a lone district court case reaching a different conclusion and noting that "[t]here is currently a split *within this district* on that question." Mot. at 6 (emphasis added) (quoting *Schlueter-Beckner v. SimpliSafe, Inc.*, No. 3:25-CV-01764 (CRB), 2025 WL 2162948, at *7 (N.D. Cal. July 30, 2025), *appeal filed*, No. 25-4933 (9th Cir. Aug. 5, 2025)). But an intra-district split is not enough. *See Couch*, 611 F.3d at 633 (requiring a split among "*the circuits*" (emphasis added)). The Ninth Circuit "has 'never suggested a split between or among district courts' could satisfy the standard for interlocutory appeal under § 1292(b)." *Higginbottom v. Dexcom, Inc.*, No. 24-cv-0195-WQH-BLM, 2024 WL 4547017, at *3 (S.D. Cal. Oct. 22, 2024) (citation omitted). And district courts in the Ninth Circuit—and in circuits throughout the country—have concluded that "a split between or among district courts" does not meet the standard for certification under § 1292(b). *Id.* (cleaned up) (collecting cases). Far from presenting *exceptional* circumstances warranting interlocutory review, a "mere[] diversity of district court opinions on [a] question . . . is common and therefore unexceptional." *MSP Recovery*

*Claims, Series LLC v. Amgen Inc.*, No. 2:23-CV-03130-MEMF-PD, 2025 WL 1924057, at *3 (C.D. Cal. June 24, 2025) (cleaned up).

Second, Plaintiffs' own argument precludes them from claiming that this Court's Order presents a "novel and difficult question[] of first impression." *Couch*, 611 F.3d at 633. Plaintiffs' Motion itself points to at least one other district court ruling on whether incorporation of an arbitral forum's rules is sufficient for delegation purposes where one party is unsophisticated, and asserts that "[a] number of other district court opinions reached the opposite conclusion" reached in this Court's Order. *See* Mot. at 5–6 (citing *Schlueter-Beckner*, 2025 WL 2162948, at *7). Their Opposition to the Motion to Compel Arbitration likewise relied on a series of cases considering this very question. *See* ECF No. 36 at 7–8. By citing these cases, Plaintiffs effectively "admit their question does not present an issue of first impression." *United States v. Nelson*, No. 2:21-CV-05265-JFW-RAOx, 2025 WL 1165863, at *4 (C.D. Cal. Mar. 25, 2025).

***Unconscionability of the Mass Arbitration Provision:*** Plaintiffs also identify no substantial ground for difference of opinion regarding whether the delegation clause is unconscionable because of its mass arbitration provisions.

First, Plaintiffs have not attempted to show—and cannot show—that there is a split of authority among the circuits on whether *Humble Bundle's* delegation clause is unconscionable in light of its mass arbitration provisions. Plaintiffs identify no conflicting opinions, much less conflicting *authority* or a circuit split, on this issue. All they cite is a single district court opinion limiting *Heckman*'s holding to its facts, which would be consistent, and not at all conflicting, with this Court's Order. *See* Mot. at 6–7 (citing *Kohler v. Whaleco, Inc.*, 757 F. Supp. 3d 1112, 1127 (S.D. Cal. 2024)).

Second, Plaintiffs cannot claim that there is an exceptionally "novel and difficult question[] of first impression" here. *Couch*, 611 F.3d at 633. This Court already analyzed and considered

*Heckman* in its Order. *See* ECF No. 40 at 11, 15 (discussing *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670 (9th Cir. 2024)). Plaintiffs even acknowledge that another court has also addressed the scope of *Heckman*. *See* Mot. at 6–7 (citing *Kohler*, 757 F. Supp. 3d at 1127). And in any event, this case is readily distinguishable from *Heckman* because, among other reasons, the batching provision here has no precedential effect, does not present significant procedural obstacles, and allows both parties to challenge an arbitrator, take discovery, and seek relief on appeal. *See* ECF No. 32 at 14–15; ECF No. 37 at 10–11.

**D. Plaintiffs Fail to Establish that an Interlocutory Appeal Will Materially Advance the Ultimate Termination of the Litigation**

Plaintiffs also have not met the final requirement for interlocutory review: that "an immediate appeal . . . may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). This requirement is satisfied "when the resolution of the question may appreciably shorten the time, effort, or expense of conducting the district court proceedings." *ICTSI*, 22 F.4th at 1131 (internal quotation marks omitted). Here, Plaintiffs make the generic assertion that further review of the Court's Order now would "save[] the courts and the litigants unnecessary trouble and expense." Mot. at 9. But it is well-established that the fact that "the parties may be subjected to the expense of obtaining an arbitration award that ultimately proves to be unenforceable as wrongly ordered . . . is not so grim to justify departure from the general rule disfavoring piecemeal appeals." *Luchini v. Carmax, Inc.*, No. CV F 12-0417 LJO DLB, 2012 WL 3862150, at *4 (E.D. Cal. Sept. 5, 2012). And there are five case-specific reasons why the final requirement for § 1292(b) certification is not met here.

First, section 1292(b) is focused on "termination" of the litigation, not prolonging it. 28 U.S.C. § 1292(b). The Ninth Circuit has highlighted that "[s]ection 1292(b) was intended primarily as a means of expediting litigation by permitting appellate consideration . . . of legal

questions which, *if decided in favor of the appellant*, would end the lawsuit." *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959) (emphasis added); *see also Fenters v. Yosemite Chevron*, 761 F. Supp. 2d 957, 1005 (E.D. Cal. 2010) ("The standard to certify a question of law is high and a district court generally should not permit such an appeal where it would prolong litigation rather than advance its resolution." (internal quotation marks omitted)). *Woodbury* provided the example of "a statute of limitations which the district court has decided in a manner *which keeps the litigation alive* but which, if answered differently on appeal, would terminate the case." 263 F.2d at 787 (emphasis added). This case is the opposite. The question here, "if decided in favor of [Plaintiffs]," would only extend the proceedings. *Id.* For example, in granting Humble Bundle's Motion to Compel Arbitration, this Court simply "decline[d] to find a requirement that both parties be sophisticated" without determining whether the Plaintiffs were, in fact, sophisticated. Mot. at 5. Even if the Ninth Circuit were to reverse on this proposed question—which is by no means a certainty—this Court would then have to determine whether the Plaintiffs were sophisticated and, if so, reconsider its prior ruling on the incorporation of the NAM Rules. Interlocutory review would thus not materially advance *termination* of the litigation. Because "[u]nnecessary delay of the arbitral process through appellate review is disfavored" under the Federal Arbitration Act, *Bushley v. Credit Suisse First Bos.*, 360 F.3d 1149, 1153 n.1 (9th Cir. 2004), federal district courts routinely decline to certify for interlocutory review orders compelling arbitration.[4]

---

[4] *See, e.g.*, *Hodson v. DirecTV, LLC*, No. C 12-02827 JSW, 2013 WL 12174302, at *1 (N.D. Cal. Mar. 22, 2013) (denying certification where an "interlocutory appeal would delay this action and, regardless of the order of proceedings, the appeal process would take longer than the arbitration process"); *Hardt v. Direct Inv LLC*, No. 11-cv-1191-L (WVG), 2013 WL 494088, at *2 (S.D. Cal. Feb. 7, 2013) (denying certification where "an immediate appeal will likely delay, rather than advance, the end of this action"); *Wulfe v. Valero Refining Co.*, No. CV 12-05971-MWF (EX), 2013 WL 12216363, at *3 (C.D. Cal. Jan. 11, 2013) (denying certification where "an immediate appeal would not necessarily advance the ultimate termination of the litigation"); *Lucas*, 2012 WL 5199384, at *5 (denying certification in part because an appeal "would delay the case even more than it already has been"); *Luchini*, 2012 WL 3862150, at *4 (denying certification because

Second, because Plaintiffs have not yet moved for class certification, "any interlocutory appeal would only be binding on . . . the class representative[s], and not the rest of the class." *Rieve v. Coventry Health Care, Inc.*, 870 F. Supp. 2d 856, 880 (C.D. Cal. 2012). For this reason, as well, an "interlocutory appeal would not materially advance the ultimate termination of the litigation." *Id.*

Third, "[e]ven if Plaintiffs were granted leave to pursue an interlocutory appeal and prevailed, the only practical difference would be that the Court, and not an arbitrator, would decide whether Plaintiffs' claims are subject to arbitration." *Diaz v. Intuit, Inc.*, No. 5:15-cv-01778-EJD, 2018 WL 934875, at *2 (N.D. Cal. Feb. 16, 2018). Plaintiffs thus overstate the impact of a potential an interlocutory appeal here by asserting that it may avoid "the expense and time-consuming process of completing thousands of arbitrations." Mot. at 9. An interlocutory appeal of this Court's decisions to date would not do that.

Fourth, Plaintiffs' certification motion does not seek review of *other* issues that would provide a basis for this Court's Order compelling arbitration. This Court did not rule, for example, on Humble Bundle's argument that—separate and apart from incorporation of the NAM Rules—the parties expressly delegated arbitrability issues by agreeing that "[a]ll issues are for the arbitrator to decide, except as otherwise expressly provided herein." ECF No. 32 at 11–12. So, even if Plaintiffs won interlocutory review on their proposed questions, that would not conclusively resolve the issue of whether arbitrability was delegated to the arbitrator under the Terms. The express language of the arbitration provision itself would provide yet another basis for compelling arbitration, which would land the parties in exactly the same spot they are in now, just at a much later date. So too for Plaintiffs' arguments that the arbitration agreement is unconscionable for

---

"arbitration likely will be completed prior to appellate resolution," and therefore an "interlocutory appeal would promote overall delay of resolution of Mr. Luchini's claims").

reasons unrelated to its delegation provision, which this Court likewise did not decide. ECF No. 36 at 14–15. Because the Court would still need to decide these issues after an interlocutory appeal, and because each of them may very well still lead to the same result, an appeal now would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Finally, Plaintiffs do not offer any support for their assertion that foregoing an interlocutory appeal would result in "arbitrations which will run on potentially for decades." Mot. at 9. As Humble Bundle explained in its briefing, multiple courts have concluded that similar procedures calling for batching of claims would not unduly delay the resolution of potential claims "because 'many more arbitrations would occur in a much quicker timeframe.'" ECF No. 37 at 13 (quoting *Brooks*, 2024 WL 3330305 at *18); *see also* ECF No. 32 at 14 (explaining that proceeding with claims "in batches" would "create[] a 'system to adjudicate a group of cases with the purpose of facilitating global or widespread resolution via ADR'" (quoting *Ruiz*, 2024 WL 1136332, at *6)).

## V. CONCLUSION

For the above reasons, this Court should deny Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b).

Dated: October 6, 2025

**PERKINS COIE LLP**

By: *s/ Lauren J. Tsuji*
James G. Snell (Bar No. 173070)
Lauren J. Tsuji (Bar No. 300155)
Anna Thompson-Lanners (*Pro Hac Vice*)

*Attorneys for Defendant Humble Bundle, Inc.*