Robert R. Jimenez (Fla. Bar No. 72020)
*Pro Hac Vice*
**BRYSON HARRIS SUCIU**
**& DEMAY PLLC**
201 Sevilla Ave., Suite 200
Coral Gables, Florida 33134
Telephone: (786) 206-7896
rjimenez@brysonpllc.com
ajaramillo@brysonpllc.com

*Counsel for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| DAVID WRAY, JAMAHL FARRINGTON, MATTHEW BURROW, and NIKOLAS PULLEN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUMBLE BUNDLE, INC.,<br><br>Defendant. | Case No. 3:25-CV-01592<br><br>**PLAINTIFFS' REPLY IN SUPPORT OF PLAINTIFFS' MOTION FOR CERTIFICATION PURSUANT TO 28 U.S.C. § 1292(b)**<br><br>Judge: Hon. Trina L. Thompson |

**STATEMENT OF ISSUES TO BE DECIDED**

Whether the Court should certify its Order for interlocutory appeal and stay the instant case pending the outcome of such an appeal.

# TABLE OF CONTENTS


**REPLY ..... 1**

**A. Plaintiffs Did Not Fail to Preserve Any Questions on Which They Seek Review ..... 1**

i. Incorporation of NAM Rules ..... 1

ii. Evidence of Sophistication ..... 2

iii. Mass Arbitration and Delegation Clause ..... 3

**B. Plaintiffs Identified Controlling Questions of Law ..... 4**

i. Incorporation of NAM Rules ..... 4

ii. Mass Arbitration and Delegation ..... 6

**C. Plaintiffs Established a Substantial Ground for Differences of Opinion ..... 7**

i. Intra-District Conflict Exists and is Sufficient for Certification ..... 7

ii. Mass Arbitration and Delegation ..... 8

**D. Plaintiffs Established that Review Will Materially Advance the Ultimate Termination of the Litigation ..... 9**

i. Continuation of Litigation ..... 10

ii. Class Certification ..... 11

iii. Length of Arbitrations ..... 11

iv. Additional Rulings ..... 12

**CONCLUSION ..... 13**

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

***Adler v. Dell, Inc.*,**
2009 WL 646885 (E.D. Mich. Mar. 10, 2009) .......... 6

***AsIs Internet Servs. v. Active Response Grp.*,**
2008 WL 4279695 (N.D. Cal. Sep. 16, 2008) .......... 8

***Baxter v. Miscavige*,**
2023 WL 3863287 (M.D. Fla. June 7, 2023) .......... 10

***Bazine v. Kelly Servs. Glob., LLC*,**
2023 WL 4138252 (N.D. Cal. June 21, 2023) .......... 7

***Cisco Sys. v. Capella Photonics, Inc.*,**
2020 WL 7227153 (N.D. Cal. Dec. 8, 2020) .......... 8

***Cordas v. Uber Techs., Inc.*,**
228 F. Supp. 3d 985 (N.D. Cal. 2017) .......... 7

***Cuadras v. MetroPCS Wireless, Inc.*,**
2011 WL 11084069 (C.D. Cal. Oct. 11, 2011) .......... 6

***Eiess v. USAA Fed. Sav. Bank*,**
404 F. Supp. 3d 1240 (N.D. Cal. 2019) .......... 7

***Harper v. Charter Commc'ns, LLC*,**
2022 WL 1204706 (E.D. Cal. April 22, 2022) .......... 6

***Hawaii ex rel. Louie v. JP Morgan Chase & Co.*,**
921 F. Supp. 2d 1059 .......... 5

***Heckman v. Live Nation Entm't, Inc.*,**
120 F.4th 670 (9th Cir. 2024) .......... 9

***Higginbottom v. Dexcom, Inc.*,**
2024 WL 4547017 (S.D. Cal. Oct. 22, 2024) .......... 7, 8

***Hooper v. Jerry Ins. Agency, LLC*,**
675 F. Supp. 3d 1027 (N.D. Cal. 2023) .......... 7

***Islam v. Lyft, Inc.*,**
2021 WL 2651653 (S.D.N.Y. June 28, 2021) .......... 10

***Kohler v. Whaleco, Inc.*,**
757 F.Supp. 3d 1112 (S.D. Cal. 2024) .......... 9

***MacClelland v. Cellco Partnership*,**
609 F.Supp.3d 1024 (N.D. Cal. July 1, 2022) .......... 2, 3, 4, 5

***Magill v. Wells Fargo Bank, N.A.*,**
2021 WL 6199649 (N.D. Cal. June 25, 2021) .......... 7

***Nessim v. Fliff, Inc.*,**
2024 WL 1600649 (C.D. Cal. Jan. 5, 2024) .......... 2

***Pandolfi v. AviaGames, Inc.*,**
2025 WL 2463742 (9th Cir. August 27, 2025) .......... 8, 9

***Rieve v. Coventry Health Care, Inc.*,**
870 F.Supp.2d 856 (C.D. Cal. 2012) .......... 11

***Rollins v. Dignity Health*,**
2014 WL 6693891 (N.D. Cal. Nov. 26, 2014) .......... 8

***Schlueter-Beckner v. SimpliSafe, Inc.*,**
2025 WL 2162948 (N.D. Cal. July 30, 2025) .......... 7

***Singh v. Payward, Inc.*,**
2023 WL 5420943 (N.D. Cal. Aug. 22, 2023) .......... 7

***United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIOCLC v. Wise Alloys, LLC*,**
807 F.3d 1258 (11th Cir. 2015) .......... 10

**Statutes**

**28 U.S.C. § 1292(b)** .......... 1, 8, 10, 13

Plaintiffs David Wray, Jamahl Farrington, Matthew Burrow, and Nikolas Pullen (collectively, "Plaintiffs") hereby reply to the Opposition to Plaintiffs' Motion for Certification Pursuant to 28 U.S.C. § 1292(b) filed by Defendant Humble Bundle, Inc. ("Defendant"), and state as follows:

## REPLY

### A. Plaintiffs Did Not Fail to Preserve Any Questions on Which They Seek Review

Defendant argues incorrectly and without support that Plaintiffs failed to preserve the questions for which they seek interlocutory review.

i. Incorporation of NAM Rules

The first question is whether incorporation of another forum's rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability when one or more of the parties is unsophisticated (summarized herein as "the incorporation issue" or "the incorporation question"). Plaintiffs' Motion To Certify Appeal at 4, ECF No. 42. Defendant states "Plaintiffs did not present the necessary evidentiary foundation" that they qualify as "unsophisticated" under the corresponding analysis and that no evidence was presented "to support this factual assertion." Opposition to Plaintiffs' Motion to Certify Appeal Pursuant to 28 U.S.C. § 1292(b) ("Opposition") at 9, ECF No. 44. Defendant's argument is inapposite because no evidentiary hearing was held or requested by the Court regarding the sophistication of *any* party (including Defendant), and Plaintiffs' motion does not seek to appeal a factual finding or conclusion. Rather, the Court compelled arbitration while declining to "find a requirement that both parties be sophisticated," citing decisions it felt supported the conclusion that there "is no sophistication requirement and noting no such requirement exists in California law." Order at 9, ECF No. 40. The Order at issue was not based on a factual finding given the pure question of law under consideration. Defendant admits this:

> For example, in granting Humble Bundle's Motion to Compel Arbitration, this Court simply "decline[d] to find a requirement that both parties be sophisticated" without

> determining whether the Plaintiffs were, in fact, sophisticated. Mot. at 5. Even if the Ninth Circuit were to reverse on this proposed question—which is by no means a certainty—*this Court would then have to determine whether the Plaintiffs were sophisticated* and, if so, reconsider its prior ruling on the incorporation of the NAM Rules.

Opposition at 19 (emphasis added). Even cases in this District cited by Plaintiffs that reached an opposite conclusion on the incorporation question did not require a specific evidentiary finding—nor did they need to. As one court observed under similar facts, common customers (such as Plaintiffs here) qualify as unsophisticated:

> The AAA Rules are not quoted or appended to the Agreement. Common customers of Verizon, including Plaintiffs, should not be expected to understand that the incorporation by reference of the AAA rules—without spelling out the actual provision—would mean that the validity and enforceability of the arbitration provision would be resolved by an arbitrator rather than a court, a result contrary to common expectation.

*MacClelland v. Cellco Partnership*, 609 F.Supp.3d 1024, 1032 (N.D. Cal. July 1, 2022); *accord, e.g.*, *Nessim v. Fliff, Inc.*, No. 523CV01048SSSSHKX, 2024 WL 1600649, at *16 (C.D. Cal. Jan. 5, 2024) ("To hold otherwise would be to treat the mere mention of the AAA Rules as some form of magical incantation that conjures up an understanding of AAA Rules in the mind of every single consumer regardless of if said consumers knows what the American Arbitration Association itself is or what arbitration is for that matter.").

ii. Evidence of Sophistication

Additionally, and distinct from the above, Defendant is incorrect in claiming there was no evidence from which the Court could conclude Plaintiffs were unsophisticated parties as compared to Defendant, a corporate entity who drafted the contract of adhesion at issue in this case (the arbitration agreement is attached as Ex. B to Defendant's Motion to Compel Arbitration, ECF No. 32-1). As it admitted in its Declaration, Defendant operates a website that "allows users to purchase video games, software, ebooks, and other digital content," and Plaintiffs "have each made multiple purchases on its website, including the purchases identified in the Complaint." ECF No. 32-1 at ¶¶

5, 9, 9(a)-(d). The proofs of purchase of those transactions sworn to by Defendant are attached to the Complaint, Exs. B, D, F, H, ECF No. 1. Thus, it should be apparent that Defendant is an enterprise operating an e-commerce platform that sells products to "common consumers." *MacClelland*, 609 F.Supp.3d at 1032. Given the imbalance of bargaining power involved in this case coupled with the evidence of the relationship between the parties (including the lopsided terms of the arbitration agreement), the record is more than sufficient for the Court to have arrived at a conclusion.

iii. Mass Arbitration and Delegation Clause

The second issue raised in Plaintiffs' Motion to Certify Appeal is whether a delegation clause is unconscionable when associated with a mass arbitration provision which imposes burdens that unavoidably and significantly delay resolution of claims. Defendant argues the Court "resolved that issue against Plaintiffs because they 'd[id] not make any arguments that th[e] provision renders the *delegation* provision unconscionable." Opposition at 9. Beyond quoting the Court's Order, Defendant offers no substantive argument. It never refutes Plaintiffs' argument that, in actuality, they *did* argue the mass arbitration provision rendered delegation unconscionable. Opposition at 9-10. As Plaintiffs pointed out, the relevant mass arbitration and batching provisions were discussed in two places in Plaintiffs' Response in Opposition to Defendant's Motion to Compel Arbitration ("Plaintiffs' Response"): in the Introduction at Sec. I(B)(1), and in the Argument at Section II(B)(3) as part of an unconscionability analysis (exploring that the batching provision would keep known claims in arbitration for decades). Motion to Certify Appeal at 6-8, ECF No. 42 (citing Plaintiffs' Response, ECF No. 36, at 6-7, 18-19). Plaintiffs noted multiple instances where they expressly argued unconscionability in the contect of delegation:

> Plaintiff stated this explicitly, making an equivalency argument that "[t]he provisions **of the arbitration agreement** and NAM rules that would render the supposed delegation clause unconscionable similarly render the underlying arbitration agreement unconscionable, both procedurally and substantively." ECF No. 36 at 18 (emphasis added). Plaintiffs later restate

> this equivalency argument in the inverse: "[t]here is no delegation clause, and even if there was, it would qualify as both procedurally and substantively unconscionable, **as the rest of the arbitration agreement does**." *Id.* at 19 (emphasis added).

*Id.* at 7. Plaintiffs also emphasized how the Court itself recognized Plaintiffs raised the issue: "Plaintiffs argue that the delegation provision is unconscionable by arguing that the arbitration agreement itself is unconscionable." *Id.* at 7-8 (quoting ECF No. 40 at 11). Defendant failed in its Response to address any of these specific arguments because they are irrefutable. It was also silent on Plaintiffs' observation that the Court considered "some provisions of the arbitration agreement on the question of delegation but not the mass arbitration provision." *Id.* at 8. Plaintiffs did not fail to preserve issues for potential appeal.

**B. Plaintiffs Identified Controlling Questions of Law**

Defendant argues Plaintiffs failed to identify a controlling question of law—one that is both "controlling" and a "question of law." Opposition at 10. It suggests Plaintiffs' arguments "would frustrate the decidedly pro-arbitration tilt of the Federal Arbitration Act," *id*. at 11, while forgetting "[t]here is no presumption in favor of arbitration of arbitrability." *MacClelland*, 609 F.Supp.3d at 1031. Defendant incorrectly argues that neither the incorporation question or mass arbitration issue are controlling questions of law.

i. Incorporation of NAM Rules

With respect to the incorporation issue, Defendant argues the question is not controlling because, in its Motion to Compel Arbitration, it "argued that 'even if' the delegation clause were somehow unenforceable, arbitration should still be compelled because 'the underlying arbitration agreement is not unconscionable' … Plaintiffs never directly disputed this alternative argument." Opposition at 12. This contention is inaccurate given the entire section of Plaintiffs' Response brief. *See* Plaintiffs' Response at 18 – 19, section entitled "The arbitration agreement is unconscionable." The Court also noted Plaintiffs' argument, stating "Plaintiffs' third argument is that the mass filing

procedures render the arbitration agreement substantively unconscionable." ECF No. 40 at 15. Moreover, Defendant accuses Plaintiffs of not disputing decisions cited by Defendant concluding that similar mass arbitration provisions are not unconscionable, which is incorrect given Plaintiffs' own citations and arguments in Plaintiffs' Response. *See* ECF No. 36 at 18-19 (citing *MacClelland*, 609 F.Supp.3d at 1040). Plaintiffs could not have been more definite in arguing that the arbitration agreement is unconscionable:

> Additionally, Humble Bundle's arbitration agreement *is procedurally unconscionable* as a non-negotiable contract of adhesion, and it *is substantively unconscionable* due to its unreasonable delays and restrictions on consumers' ability to pursue claims collectively. Furthermore, the mass arbitration provision in the agreement forces claimants to make an unfair choice: they must either forgo their right to choose experienced counsel or face extended delays due to the staged arbitration process.

Plaintiffs' Response at 19 (emphasis added). As such, and given that Plaintiffs did address Defendant's alternative argument on unconscionability, the incorporation question is indeed controlling because it determines the outcome of this case. *Hawaii ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1065 (D. Haw. 2013 ("To meet the requirement that the proposed interlocutory appeal raises a controlling question of law, the moving party must show 'that resolution of the issue on appeal could materially affect the outcome of litigation in the district court.'").

Defendant next argues the incorporation question is not controlling as a matter of law for the reasons it offered *supra* regarding the alleged lack of evidence on sophistication. Opposition at 12. This fails for the same reasons outlined in the prior section. Lastly, Defendant contends the incorporation question is not controlling because it is not a pure question of law. Opposition at 13. As previously discussed, however, the Court declined to "find a requirement that both parties be sophisticated," citing to case law that there "is no sophistication requirement and noting no such requirement exists in California law." Order at 9. The Court's ruling was not based on a factual finding. Even if it had been, as stated above, sufficient evidence does exist in the record.

ii. Mass Arbitration and Delegation

On the issue of Defendant's mass arbitration rules rendering delegation unconscionable, Defendant argues again how Plaintiffs did not raise their arguments, leaving no appealable controlling question of law due to a lack of preservation. For the same reasons discussed both *supra* and in the Motion to Certify Appeal, Defendant's argument fails. ECF No. 42 at 6-8.

Next, Defendant argues the issue of unconscionability is not a pure question of law, but rather, one of fact. Defendant is incorrect by virtue of there being no question as to what the *terms* of its arbitration agreement state. The only issue is whether those terms are unconscionable as a matter of law. As another court observed,

> [c]onsideration of whether plaintiffs should be released from their obligation to arbitrate their claims requires no consideration of any findings of fact made by this court, and there are no disputed facts regarding the contents of the arbitration agreement. Accordingly, this court regards the question at issue as a pure question of law.

*Harper v. Charter Commc'ns, LLC*, No. 2:19-cv-00902-WBS-DMC, 2022 WL 1204706, at *3 (E.D. Cal. April 22, 2022). "Whether California law on contracts and unconscionability prohibits enforcement of an arbitration agreement with the provisions contained … is a question of law." *Id.* Moreover, Defendant cited authorities that are uniformly distinguishable and inapposite. *Cuadras v. MetroPCS Wireless, Inc.*, No. 09 Civ. 7897 (CAS) (AJW), 2011 WL 11084069, at *4 (C.D. Cal. Oct. 11, 2011) (denying motion because the dispute was with how the law was applied to the facts, and therefore, not a pure controlling question law); *Adler v. Dell, Inc.*, No. 08 Civ. 13170, 2009 WL 646885, at *2 (E.D. Mich. Mar. 10, 2009) (denying motion where factual analysis was needed to determine which state law should be applied). The unconscionability question here is one of law, *not* fact.

**C. Plaintiffs Established a Substantial Ground for Differences of Opinion**

i. <u>Intra-District Conflict Exists and is Sufficient for Certification</u>

Given the quantum of varying decisions in this District on the incorporation question, as well as differences relating to the mass arbitration provision, Plaintiffs also meet the second requirement for certification—the existence of a substantial ground for differences of opinion. Defendant, however, claims Plaintiffs "point to a lone district court case reaching a different conclusion," Opposition at 16. It would seem to be beyond dispute that the breadth of conflicting cases in this district on the incorporation question is wide. The supposed "lone district court case" Defendant refers to, *Schlueter-Beckner v. SimpliSafe, Inc.*, No. 3:25-CV-01764 (CRB), 2025 WL 2162948, at *7 (N.D. Cal. July 30, 2025), specifically recognizes "[t]here is currently a split within this district on that question." And rather than string cite a plethora of cases showing the diversity of decisions, Plaintiffs chose to include a parenthetical noting cases cited on both sides of the incorporation question.[1] ECF No. 42 at 6.

In arguing Plaintiffs have not met the proper standard, Defendant focuses on *Higginbottom v. Dexcom, Inc.*, 2024 WL 4547017, at *2-3 (S.D. Cal. Oct. 22, 2024) to make the claim that a substantial ground for difference of opinion requires a circuit split or novel issue of first impression. Opposition at 16. *Higginbottom*, however, never announces such a rule, only stating that "[c]ourts *traditionally* will find that a substantial ground for difference of opinion exists where the circuits are in dispute … or if novel and difficult questions of first impression are presented." *Higginbottom,*

[1] As outlined in *Schlueter-Beckner*, the spectrum of cases includes: *Cordas v. Uber Techs., Inc.*, 228 F. Supp. 3d 985, 992 (N.D. Cal. 2017) (finding incorporation of arbitration rules effective delegation regardless of the parties' sophistication), *Bazine v. Kelly Servs. Glob., LLC*, No. 5:22-cv-07170-BLF, 2023 WL 4138252, at *6 (N.D. Cal. June 21, 2023) (same), *Singh v. Payward, Inc.*, No. 3:23-cv-01435-CRB, 2023 WL 5420943, at *8 (N.D. Cal. Aug. 22, 2023) (same), *Eiess v. USAA Fed. Sav. Bank*, 404 F. Supp. 3d 1240, 1253 (N.D. Cal. 2019) (holding incorporation of arbitration rules insufficient in contracts involving at least one unsophisticated party), *Hooper v. Jerry Ins. Agency, LLC*, 675 F. Supp. 3d 1027, 1039–40 (N.D. Cal. 2023) (same), and *Magill v. Wells Fargo Bank, N.A.*, No. 4:21-cv-01877-YGR, 2021 WL 6199649, at *5 (N.D. Cal. June 25, 2021) (same).

2024 WL 4547017 at *2 (emphasis supplied). *Higginbottom* does not stand for the proposition that a circuit split or first impression are the *exclusive* methods for fulfilling this requirement. In fact, the *Higginbottom* plaintiff claimed there was disagreement "among the nation's preeminent jurists in both this Circuit and federal appellate courts throughout the country," but the court noted there was "no authority illustrating this purported 'disagreement.'" *Id.* at *3.

To be clear, as a matter of law, an intra-district split can certainly be sufficient for fulfilling the requirement of substantial grounds for difference of opinion. *E.g., AsIs Internet Servs. v. Active Response Grp.*, No. C07 6211 TEH, 2008 WL 4279695, at *3 (N.D. Cal. Sep. 16, 2008) (granting motion for certification, stating "there is a intra-district split," and noting "this Court departed from the reasoning of other district court opinions"); *Cisco Sys. v. Capella Photonics, Inc.*, No. 20-cv-01858-EMC, 2020 WL 7227153, at *2 (N.D. Cal. Dec. 8, 2020)("A substantial ground for difference of opinion may be found … where there is 'an intra-district split' regarding the issue"); *Rollins v. Dignity Health*, No. 13-cv-01450-TEH, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014) ("considering the previous cases within the Ninth Circuit to have applied a different rule, the Court finds that there are substantial grounds for disagreement with its interpretation. The second § 1292(b) factor is therefore satisfied."). Thus, the intra-district conflict of opinions identified by Plaintiffs satisfies the requirement for interlocutory review.

ii. <u>Mass Arbitration and Delegation</u>

With respect to the mass arbitration provision, Defendant argues there is no substantial ground for difference of opinion on the unconscionability of the delegation clause. It first claims Plaintiffs have not shown a circuit split on the issue. Opposition at 17. As discussed *supra*, however, a circuit split is not the *only* qualifying metric. More importantly, in the time since Plaintiffs' Response on July 8, 2025, and only twelve days before the Court handed down its Order on September 8, 2025, the Ninth Circuit issued its decision in *Pandolfi v. AviaGames, Inc.*, No. 24-

5817, 2025 WL 2463742 (9th Cir. August 27, 2025), upholding a district court on a ruling directly opposite to the decision reached in this Court's Order.

In *Pandolfi*, a similar delegation clause was deemed unconscionable because it incorporated arbitral rules. "[A] layperson would be surprised to find that the delegation clause is subject to the batching provision." *Pandolfi*, 2025 WL 2463742 at *1. The Court of Appeals also upheld the unconscionability ruling of a mass arbitration provision similar to the one here, as well as a finding that the delegation clause was unconscionable. *Id.* As Plaintiffs argued in the Motion to Certify Appeal, some courts hold delegation clauses may be invalidated when an arbitration agreement imposes prohibitive costs or procedural obstacles, while others enforce delegation clauses even in the presence of potentially oppressive arbitration provisions (declining to extend the Ninth Circuit's ruling). *Compare Heckman v. Live Nation Entm't, Inc.*, 120 F.4th 670, 684-85 (9th Cir. 2024) (finding substantive unconscionability in the delegation clause based on the burdens imposed by a mass arbitration provision) with *Kohler v. Whaleco, Inc.*, 757 F.Supp. 3d 1112, 1127 (S.D. Cal. 2024) (issued a month after *Heckman* and holding that a mass arbitration provision did not render a delegation clause unconscionable). Now, the addition of the Ninth Circuit's ruling in *Pandolfi* presents additional disconnect between the ruling in this case and the current state of the law, rendering certification appropriate.

### D. Plaintiffs Established that Review Will Materially Advance the Ultimate Termination of the Litigation

Defendant's final argument posits that an interlocutory appeal will not advance termination of the litigation. Here, Defendant raises five separate points: (1) if Plaintiffs are successful in their motion, interlocutory appeal would advance continuation of litigation and not its termination, (2) because a class in the instant case has not yet been certified, appeal would not be binding on class members (and thus does not aid termination of litigation), (3) there is no practical difference between arbitration and judicial resolution, (4) Defendant believes this Court would need to re-

decide its position on the existence of an express delegation clause—something the Court already rejected in its Order—and (5) Plaintiffs do not offer support for the contention that arbitrations would run for decades. Each point rings hollow and fails for the reasons discussed below.

i. Continuation of Litigation

At the outset, Defendant overlooks an important fact: the Court did not dismiss this case—it stayed it. By entering a stay, a district court "render[s] the order compelling arbitration interlocutory instead of final." *D.A.M. Prods. v. Restituyo*, No. 17-22962-civ-Altonaga/Goodman, at *4 (S.D. Fla. Aug. 8, 2018); *United Steel, Paper & Forestry, Rubber Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union AFL-CIOCLC v. Wise Alloys, LLC*, 807 F.3d 1258, 1270 (11th Cir. 2015) (explaining that when a district court compels arbitration and stays a case rather than dismisses it, the district court's order "[does] not technically dispose of the substantive claims that the plaintiff ha[s] brought."). As such, it is *arbitration* that delays termination of the instant litigation, not an interlocutory appeal that, if successful, continues the effort to resolve pending judicial claims. Defendant's first argument thus misses the proverbial forest for the trees, as another court explained:

> The Court finds that an interlocutory appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). If the Eleventh Circuit hears the appeal and affirms, this case will remain stayed pending resolution of the arbitration proceedings. If the Eleventh Circuit reverses, holding that Plaintiffs cannot be compelled to arbitrate, it will save the parties the expense and burden of arbitration - which may potentially take years - and allow the case to proceed to resolution in the district court. In addition, considering the "system-wide costs and benefits of allowing the appeal," including "the impact that an appeal will have on other cases," an interlocutory appeal may not only resolve this case but also "conserve judicial resources in the longer term by resolving important and oft-arising legal questions."

*Baxter v. Miscavige*, No. 8:22-cv-986-TPB-JSS, 2023 WL 3863287, at *2 (M.D. Fla. June 7, 2023). *See also, Islam v. Lyft, Inc.*, No. 20-CV-3004 (RA), 2021 WL 2651653, at *5 (S.D.N.Y. June 28, 2021)(granting certification and explaining that appeal "will have saved the parties the expense and burden of arbitration, and allow the case to proceed to resolution in district court").

ii. Class Certification

Defendant's second point—that certification would be improper because Plaintiffs have not yet moved for class certification—is tantamount to arguing that no class action filed under Rule 23 could ever qualify for interlocutory review. The single case Defendant cites does *not* stand for that proposition—in fact, no case does. The interlocutory appeal sought in *Rieve v. Coventry Health Care, Inc.*, 870 F.Supp.2d 856 (C.D. Cal. 2012), concerned a discrete issue in an order denying defendant's summary judgment motion while granting the plaintiff's. The court noted it was one month before class certification. *Id.* at 880. Given the timeframe, the defendant's motion for interlocutory review was denied because of the impending class certification. *Id. Rieve* is irrelevant here.

iii. Length of Arbitrations

Defendant's next argument is that an interlocutory appeal would not advance termination of the litigation because Plaintiffs "overstate the impact" of interlocutory review by claiming it may avoid "the expense and time-consuming process of completing thousands of arbitrations." Opposition at 20. Insofar as Defendant's claim may be described as a legal argument –a point Plaintiffs do not concede—it overlaps with Defendant's fifth point (which will be addressed here out of order to prevent redundancy), which is that "Plaintiffs do not offer any support for their assertion that foregoing an interlocutory appeal would result in 'arbitrations which will run on potentially for decades.'" Opposition at 21.

Both of these arguments are contradicted by the extensive discussion in Plaintiffs' Response (to Defendant's Motion to Compel Arbitration), as well as the arbitration agreement itself. As explained before, Plaintiffs' counsel retained more than 4,500 claimants seeking redress from Defendant for violations of the Video Privacy Protection Act, and as a result of the staging process outlined in the arbitration agreement, ECF No. 32-1 at 27-28, it is possible to calculate the number

of years the known claims would take to arbitrate (45 years, to the year 2070). Plaintiffs' Response at 6-7, 18-19. The arbitration agreement *specifically limits* the number of arbitrations that can proceed at any one time, stage-by-stage. Thus, Defendant's contention that "many more arbitrations would occur in a much quicker timeframe" is contradicted by the very contract at issue. Plaintiffs' anecdote in their Response brief remains accurate: NASA will likely achieve permanent habitation of the Moon before Defendant concludes its arbitrations in this matter. *Id*. at 7.

iv. Additional Rulings

Finally, Defendant's fourth point is that Plaintiffs' certification motion does not seek review of other issues "that would provide a basis for the Court's Order." Opposition at 20. The central example relied on by Defendant is that this Court did not rule on whether the arbitration agreement contains an express delegation clause. *Id*. But the Court did precisely that in a section literally entitled *The Express Delegation Clause Does Not "Clearly and Unmistakably" Delegate Gateway Issues*, where it held "the express delegation clause lacks the clarity required to be a 'clean and unmistakable' delegation of gateway issues." Order at 8. The Court considered (and rejected) the exact verbiage quoted by Defendant in its Opposition that "[a]ll issues are for the arbitrator to decide, except as otherwise expressly provided herein." Order at 7; Opposition at 20.

Defendant also suggests certification is improper because the Court would need to decide unconscionability of the entire arbitration agreement if Plaintiffs' interlocutory appeal is successful (prolonging litigation). This is incorrect, however, because a favorable ruling by the Ninth Circuit would mean that Defendant's *delegation* argument fails, obviating the need for review of the rest of the agreement.

## CONCLUSION

For all of the reasons stated above and in their Motion to Certify Appeal, Plaintiffs respectfully ask the Court certify the requested issues for immediate interlocutory appeal under 28 U.S.C. § 1292(b) and stay this matter pending resolution of the appellate process.

Dated: October 14, 2025

Respectfully submitted,
*/s/ Robert R. Jimenez*

Mark E. Silvey (TN. Bar No. 013415)*
Robert R. Jimenez (Fla. Bar No. 35328)*
Jordan M. Macejka (Fla Bar No. 123599)*
**BRYSON HARRIS SUCIU & DEMAY PLLC**
201 Sevilla Avenue, Suite 200
Miami, Florida 33134
P: (786) 206-7896
msilvey@brysonpllc.com;
rjimenez@brysonpllc.com;
jmacejka@brysonpllc.com

Alex R. Straus (Bar No. 321366)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN, PLLC**
280 South Beverly Drive, Suite PH
Beverly Hills, CA 90212
Email: astraus@milberg.com

**Admitted Pro Hac Vice*
*Counsel for Plaintiffs*