United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID WRAY, et al.,
Plaintiffs,

v.

HUMBLE BUNDLE, INC.,
Defendant.

Case No. 25-cv-01592-TLT

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 42

On February 14, 2025, Plaintiffs David Wray, Jamahl Farrington, Matthew Burrow, and Nikolas Pullen ("Plaintiffs") filed a class action against Humble Bundle, Inc. ("Defendant") alleging violations of the Video Privacy Protection Act ("VPPA"). ECF 1. On September 8, 2025, the Court compelled Plaintiffs' claims to arbitration pursuant to a binding arbitration agreement contained in Defendant's Terms & Conditions. ECF 40.

Before the Court is Plaintiffs' motion to certify an interlocutory appeal under 28 U.S.C. § 1292(b) relating to the Court's Order granting Defendant's motion to compel arbitration, ECF 40. ECF 42.

The Court finds this motion appropriate for resolution without oral argument and takes this matter under submission. *See* L.R. 7-1(b) (authorizing courts to dispense with oral argument on any motion except where oral hearing is required by statute). After review and consideration of the motion, briefings, attachments and exhibits thereto, the Court **DENIES** Plaintiff's motion to certify interlocutory appeal.

## I. BACKGROUND

The Court assumes the parties' familiarity with the case's factual background and only cites such background to the extent it is necessary for this Order.

Defendant moved to compel Plaintiffs claims to arbitration on the grounds that (1) Plaintiffs are account holders who signed up for accounts on Defendant's website; (2) in order to sign up for an account, customers must agree to Defendant's Terms & Conditions; (3) Defendant's Terms & Conditions contain a binding arbitration clause; and (4) the arbitration clause delegates questions of arbitrability, including questions about the scope of the arbitration agreement, to the arbitrator. ECF 32.

In the Order compelling arbitration, the Court first determined that the parties entered into a valid, enforceable arbitration agreement. ECF 40 at 6. The Court also found that the parties clearly and unmistakably delegated gateway issues to the arbitrator through incorporation of the National Arbitration & Mediation ("NAM") rules, which "empower arbitrators to decide question of their jurisdiction." *Id.* at 7–10. Citing the Ninth Circuit's refusal to "require that the contracting parties be sophisticated" before finding a valid delegation clause in these circumstances, the Court declined to impose a sophistication requirement on the parties in this case. *See* ECF 40 at 9–10 (citing *Brennan v. Opus Bank*, 796 F.3d 1125, 1131 (9th Cir. 2015)). Finally, the Court found that the delegation clause is not unconscionable, rejecting Plaintiffs' arguments that (1) the fact that the delegation clause occurs within a contract of adhesion renders the delegation clause procedurally unconscionable; (2) the NAM rules' discovery limitations and appeal rules render the delegation clause substantively unconscionable; and (3) the mass filing procedures render the arbitration agreement as a whole substantively unconscionable. *Id.* at 10–15. Because the Court found a valid delegation of gateway issues to the arbitrator, the Court did not address the parties' remaining arguments about the arbitration agreement's scope or enforceability. *Id.* at 16.

On September 22, 2025, Plaintiffs filed a motion for certificate of appealability, seeking interlocutory appeal of the Court's Order. ECF 42. On October 6, 2025, Defendants filed an opposition. ECF 44. On October 14, 2025, Plaintiffs filed a reply. ECF 45.

Plaintiffs identify two controlling questions of law that Plaintiffs argue are appropriate for interlocutory appeal: (1) whether incorporation of another forum's rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability where one or more

of the parties is unsophisticated; and (2) whether a delegation clause is unconscionable when associated with a mass arbitration provision that imposes burdens that significantly delay the resolution of claims. ECF 42 at 2. Plaintiffs also argue that there is substantial ground for difference of opinion on both questions, since district courts are split on answering both questions. *Id.* at 3. Finally, Plaintiffs argue that a stay pending appellate review will prevent the parties from wasting resources on arbitration. *Id.*

## II. LEGAL STANDARD

Under 28 U.S.C. § 1292(b), a district court may certify an order for interlocutory appeal if it is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." This is a "narrow exception." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). An interlocutory appeal is a "departure from the basic policy of postponing appellate review until after the entry of a final judgment," and accordingly, requires "exceptional circumstances." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022). The party making the request bears the burden of demonstrating that all requirements are met. *Couch*, 611 F.3d at 633.

## III. DISCUSSION

Plaintiffs argue that the Order involves two controlling questions of law, there are "substantial ground[s]" for difference of opinion on those questions, and a stay pending appellate review will prevent the parties from wasting resources on arbitration. ECF 42. Defendants argue that Plaintiffs did not preserve either of the questions on which they seek review, Plaintiffs fail to identify a controlling question of law, and Plaintiffs fail to establish a substantial ground for difference of opinion. ECF 44 at 2–10. Finally, Defendants argue that Plaintiff fails to establish that interlocutory appeal will materially advance the ultimate termination of the litigation. *Id.* at 13–16. Because Plaintiffs' failure to establish any of the *Couch v. Telescope* requirements prevents the Court from certifying interlocutory appeal, the Court will only address whether Plaintiffs establish a "substantial ground for difference of opinion" under § 1292(b) for both questions: (A) whether contracting parties must be sophisticated for a court to find that

incorporation of another forum's rules constitutes clear and unmistakable evidence of the parties' intent to delegate arbitrability; and (B) whether a delegation clause is unconscionable when associated with a mass arbitration provision. *See Theodore v. Am. Express Nat'l Bank*, No. 23-cv-03710, 2025 WL 1294648, at *2 (N.D. Cal. May 5, 2025) ("These three statutory requirements are conjunctive, meaning [the] absence of any one precludes interlocutory appeal.").

"Courts traditionally will find that a substantial ground for difference of opinion exists where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch*, 611 F.3d at 633 (citing 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). "A substantial ground for difference of opinion exists where reasonable jurists might disagree on an issue's resolution, not merely where they have already disagreed." *Reese v. BP Expl. (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011). The mere fact "[t]hat settled law might be applied differently does not establish a substantial ground for difference of opinion." *Couch*, 611 F.3d at 633. "A party's strong disagreement with the Court's ruling is not sufficient for there to be a 'substantial ground for difference.'" *Id.* (citation omitted).

### A. Plaintiffs Fail to Identify a Substantial Ground for Difference of Opinion on the First Question Regarding Incorporation of Another Forum's Rules

Plaintiffs argue that the Ninth Circuit in *Brennan* "left open" the question of whether the incorporation of another forum's rules constitutes clear and unmistakable evidence of the parties' intent to arbitrate when one party is unsophisticated, and district courts in the Ninth Circuit are split on whether parties must be sophisticated in order to find delegation in these circumstances. *See Brennan v. Opus Bank*, 796 F.3d 1125 (9th Cir. 2015); ECF 42 at 5–6. Defendants argue that a *district* split does not demonstrate "substantial ground for difference of opinion," and identifying district court decisions on both sides of the split precludes interlocutory appeal on the basis that this is a "novel and difficult question[] of first impression." ECF 44 at 11–12.

First, the Court finds that a split among district courts does not, alone, meet the high bar required to certify interlocutory appeal. *See Couch*, 611 F.3d at 633 (identifying *circuit* splits as material under § 1292(b)); *Wang v. Zymergen Inc.*, 759 F. Supp. 3d 1002, 1013 (N.D. Cal. 2024)

(denying motion for interlocutory appeal where defendants only identify "a split on an issue among district courts," which is "rarely substantial enough on its own to justify interlocutory appeal"). Plaintiffs identify the majority approach in the Ninth Circuit (declining to find a requirement that both parties are sophisticated before determining that delegation of another forum's rules constitutes clear and unmistakable evidence of delegation), and assert that "[a] number of other district court opinions reached the opposite conclusion." ECF 42 at 5–6. Plaintiffs cite only one district court opinion taking the other approach. *Id.*; *see Schlueter-Beckner v. SimpliSafe, Inc.*, No. 25-cv-01764, 2025 WL 2162948 (N.D. Cal. July 30, 2025). The cases cited by Plaintiffs certified interlocutory appeal in the event of a district split where "[o]nly one court has agreed with this [c]ourt's interpretation," *Rollins v. Dignity Health*, No. 13-cv-01450, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014), and where the law was "being interpreted for the first time in district courts," *Asis Internet Servs. v. Active Response Grp.*, No. C 07 6211, 2008 WL 4279695, at *3 (N.D. Cal. Sept. 16, 2008). Neither circumstance applies here, where the Court identified several other district court opinions similarly interpreting *Brennan* since 2015. *See* ECF 40 at 9.

Second, Plaintiffs do not argue that this is a novel question of first impression, and the Court finds that Plaintiffs' reference to "the magnitude of divergent opinions just within this District" precludes such a finding. ECF 42 at 6. *See Schlueter-Beckner*, 2025 WL 2162948, at *7 (citing cases); *Couch*, 611 F.3d at 633 (9th Cir. 2010) ("That settled law might be applied differently does not establish a substantial ground for difference of opinion.").

Accordingly, the Court finds that Plaintiffs fail to establish a substantial ground for difference of opinion about whether both parties must be sophisticated to find that delegation of another forum's rules constitutes "clear and unmistakable" evidence of the parties' intent to delegate gateway questions of arbitrability. *See Reese*, 643 F.3d at 688 (9th Cir. 2011) ("Our interlocutory appellate jurisdiction does not turn on a prior court's having reached a conclusion adverse to that from which appellants seek relief.").

**B. Plaintiffs Fail to Identify a Substantial Ground for Difference of Opinion on the Second Question Regarding Whether Mass Arbitration Renders A Delegation Unconscionable**

Plaintiffs argue that district courts in the Ninth Circuit are also divided on the question of whether a mass arbitration provision renders a delegation clause unconscionable, and interlocutory appeal is necessary to resolve whether *Heckman v. Live Nation Ent., Inc.*, 120 F.4th 670 (9th Cir. 2024) must be extended to require a finding that mass arbitration provision renders the delegation clause substantively and procedurally unconscionable. ECF 42 at 6–7. Defendants argue that Plaintiffs have not established a circuit split on this question, and the one district court opinion Plaintiffs cite does not conflict with the Court's Order. ECF 44 at 12. Defendants also argue that this is not a novel question of first impression, because Plaintiffs acknowledge that other courts have interpreted the scope of *Heckman*. *Id.* at 12–13.

For similar reasons as stated above, the Court finds that Plaintiffs have not established a substantial ground for a difference of opinion on the basis of a circuit or district split alone since Plaintiffs allege no circuit split, and Plaintiffs do not cite any district court opinions that directly conflict with the Court's order compelling arbitration. *See Wang*, 759 F. Supp. 3d at 1013; ECF 44 at 9 (citing *Kohler v. Whaleco, Inc.*, 757 F. Supp. 3d 1112, 1127 (S.D. Cal. 2024), which did not interpret *Heckman* as requiring a finding that mass arbitration provisions render delegation unconscionable); *Scally v. PetSmart LLC*, No. 4:22-cv-06210, 2024 WL 37222, at *2 (N.D. Cal. Jan. 2, 2024) (finding no substantial grounds for disagreement where "no tension among the key cases cited by the parties").

For the same reasons as stated above, Plaintiffs also do not establish that the question of whether mass arbitration renders delegation unconscionable is a novel issue of first impression. ECF 42 at 6 (arguing that "courts are divided" on the question, not that the question is novel); *see Couch*, 611 F.3d at 633 (9th Cir. 2010) ("That settled law might be applied differently does not establish a substantial ground for difference of opinion."). Moreover, Plaintiffs acknowledge that the unconscionability inquiry is fact-specific, so the Court recognizes that seemingly conflicting decisions may be distinguishable on factual grounds. *See* ECF 42 at 7 (arguing that the specific mass arbitration process laid out in Defendant's Terms & Conditions may impose delays of up to "decades")*; Wang*, 759 F. Supp. 3d at 1013 (finding no substantial ground for difference of opinion where party seeking interlocutory appeal only cited two cases that considered slightly

different questions, and party did not describe "how fully or capably the issue was briefed before those courts").

Because the Court finds no substantial ground for difference of opinion as to either question raised by Plaintiffs, the Court's Order compelling Plaintiffs' claims to arbitration is not one of the "exceptional circumstances" that warrants interlocutory appeal under § 1292(b). *Couch*, 611 F.3d at 633 (9th Cir. 2010); *Theodore*, 2025 WL 1294648, at *3 ("[T]o grant such a motion for interlocutory appeal here would affect an end run around the Supreme Court's holding in *Smith* [v. Spirrizzi, 601 U.S. 472 (2024)]. Section 1292(b) is not meant to paper over Congress's purpose in shuttling the parties smoothly to arbitration."). The Court remains confident that its Order is well supported by precedent and interlocutory appeal is not warranted here. *See Gerber v. Twitter, Inc.*, No. 23-cv-00186, 2025 WL 1359217, at *2 (N.D. Cal. May 9, 2025) (denying motion for interlocutory appeal where "[d]efendant's arguments merely indicate a disagreement with the Court's ruling") (citing *Henley v. Jacobs*, No. C 18-2244, 2019 WL 8333448, at *3 (N.D. Cal. Oct. 25, 2019)).

**C. CONCLUSION**

For the reasons stated above, the Court **DENIES** Plaintiffs' motion for a certificate of appealability.

This Order resolves ECF 42.

IT IS SO ORDERED.

Dated: October 15, 2025

TRINA L. THOMPSON
United States District Judge